UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROSEMARIE OBREMSKI as personal
representative of the Estate of
STEPHEN OBREMSKI, Deceased,

       Plaintiff,

v.                                  CASE NO.: 0:18-cv-61798-UU

ARMOR CORRECTIONAL HEALTH SERVICES,
INC., a Florida corporation, and; SCOTT ISRAEL, in
his official capacity as Sheriff of Broward County,
Florida; STANLEY FRANKOWITZ D.O.,
R.N. JERI MONICAL, R.N. CYNTHIA MCDONALD,
LPN MARVA PARKE, R.N. TRACY SPENCE,
R.N. KUMAR MOWATT, R.N. KATHLEEN MILLS,
R.N. ASTOR KERR, R.N. MAUREEN DORCELY,
JERRY BURGESS, Jr., MD, each individually and
as employees of ARMOR CORRECTIONAL HEALTH
SERVICES, INC.

       Defendants.
_____/

## DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES

      Defendants Armor Correctional Health Services, Inc.; Scott Israel, in his official capacity as Sheriff of Broward County; Stanley Frankowitz; Jerry Burgess, Jr.; Kathleen Mills; Jeri Monical; Tracy Spence; Maureen Dorcely; Astor Kerr; Kumar Mowatt; and Marva Parke by and through undersigned counsel, file this Answer and Affirmative Defenses to Plaintiff's Complaint. Defendants respond to Plaintiff's Complaint as follows:

### PRELIMINARY STATEMENT

1.      Denied.

2.      Denied (including subparts a. through j.)

3.      Denied.

**JURISDICTION**

4.      Admitted for jurisdictional purposes.

5.      It is admitted that Counts 13-25 are based on state law negligence theories. The alleged $15,000 jurisdictional threshold is immaterial in this Court.

6.      Denied.

7.      Denied.

8.      Denied (including all subparts). Specifically, Plaintiff failed to strictly comply with the pre-suit notice requirements of § 768.28(6), including failing to provide pre-suit notice to the Department of Financial Services. And Plaintiff provided no pre-suit notice pursuant to § 768.28 to Armor. Plaintiff also failed to strictly comply with the pre-suit medical malpractice procedures. Plaintiff did not provide a notice of intent to initiate litigation as required by Chapter 766, Florida Statutes to Defendants Spence, Mowatt, Mills, or Kerr.

9.      Denied.

10.      Denied.

**PARTIES**

11.      Without knowledge; therefore denied.

12.      Denied.

13.      Admitted.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.      Admitted.

18.      Admitted.

19.      Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Denied.

25.     Denied.

## ALLEGATIONS OF FACTS

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

## EXAMPLES OF OTHER SIMILAR INMATE DEATHS IN THE BROWARD COUNTY JAIL THAT SHOW THE CUSTOM 7 ARMOR'S HISTORY OF DELIBERATE INDIFFERENCE

### William Campbell:

63.    Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**Gary J. Smith:**

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**Calvin Goldsmith:**

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**Raleigh Priester – Case Number: 14-61577-CIV-BLOOM (Southern Dist. Of Florida)**

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85.     Denied.

86.     Denied.

87.     It is admitted that Case No. 14-61577-Civ-Bloom concerned Raleigh Priester.

**<u>Arthur Sacco:</u>**

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    It is admitted that there was a settlement involving potential claims concerning

Mr. Sacco.

**William Herring, Jr. – Case No: 16-cv-62950 (Southern Dist. of Florida)**

109.    It is admitted that case number 16-cv-62950 concerned Mr. Herring.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

**Simon Valacheryil**

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

**Scott Burrell – Case No.: 17-cv-62007-Gayles (Southern Dist. of Florida)**

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

**April Farrah**

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

**The Consent Decree**

147.    Denied.

148.    Denied.

149.    Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied (including subparts a and b).

## COUNT 1: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT ARMOR CORRECTIONAL HEALTH SERVICES, INC.

155.   Defendants incorporate their responses to paragraphs 1-4, 6, 7, and 10-154 as if fully set forth herein.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

## COUNT 2: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT ISRAEL

170.   Defendants incorporate their responses to paragraphs 1-4, 6, 7, and 10-154 as if fully set forth herein.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

## COUNT 3: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT FRANKOWITZ

185.   Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 14, 26-154 as if fully set forth herein.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.    Denied.

192.    Denied.

### COUNT 4: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT MONICAL

193.    Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 15, 26-153 as if fully set forth herein.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

### COUNT 5: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT MCDONALD

201 – 208. Count 5 against Defendant McDonald has been dismissed. (D.E. 10). Therefore, no response to the allegations of Count 5 is required. To the extent that a response is required, the allegations are denied.

### COUNT 6: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT PARKE

209.    Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 17, 26-153 as if fully set forth herein.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    Denied.

215.   Denied.

216.   Denied.

### COUNT 7: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT SPENCE

217.   Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 18, 26-153 as if fully set forth herein.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

### COUNT 8: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT MOWATT

225.   Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 19, 26-153 as if fully set forth herein.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

232.   Denied.

**COUNT 9: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT MILLS**

233.    Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 20, 26-153 as if fully set forth herein.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

**COUNT 10: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT KERR**

241.    Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 21, 26-154 as if fully set forth herein.

242.    Denied.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

**COUNT 11: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT DORCELY**

249.    Defendants incorporate their responses to paragraphs 1-4, 6, 7, 10, 11, 21, 26-153 as if fully set forth herein.

250.    Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

## COUNT 12: 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT BURGESS

257.   Defendants incorporate their responses to paragraphs 1-4, 7, 10, 11, 16, 26-153 as if fully set forth herein.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

## FLORIDA STATE LAW CLAIMS AGAINST DEFENDANTS BSO, ARMOR, FRANKOWITZ, R.N. JERI MONICAL, R.N. CYNTHIA MCDONALD, LPN MARVA PARKE, R.N. TRACY SPENCE, R.N. KUMAR MOWATT, R.N. KATHLEEN MILLS, R.N. ASTOR KERR, R.N. MAUREEN DORCELY AND DOCTOR JERRY BURGESS

265.   Denied.

266.   Defendants incorporate their responses to paragraphs 8 and 9 as if fully set forth herein.

267.   Denied.

268.   Denied.

269.   Admitted.

14

270.   Denied.

271.   Admitted.

272.   Denied. See paragraph 8.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

## COUNT 13: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT FRANKOWITZ

277.   Defendants incorporate their responses to paragraphs 5, 8-11, 14, 26-153, 265-276 as if fully set forth herein.

278.   Denied.

279.   Denied (including subparts i through xv).

280.   Denied.

281.   Denied.

## COUNT 14: VICARIOUS LIABILITY CLAIM AGAINST ARMOR

282.   Defendants incorporate their responses to paragraphs 1-3, 5, 8-11, 13-23, 26-153, 265-276, and 278-280 as if fully set forth herein.

283.   It is admitted that Frankowitz, Monical, McDonald, Parke, Spence Mowatt, Mills, Kerr, Dorcely, and Burgess were acting within the course and scope of their employment and that Armor contracted to provided healthcare in the Broward County Jail. Otherwise, the allegations of paragraph 283 are denied.

284.   Denied.

285.   Denied.

286.   Denied.

287.   Denied.

288.   Denied.

289.   Denied.

290.   Denied.

291.   Denied.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

## COUNT 15: VICARIOUS CLAIM AGAINST BSO BASED ON THE NON-DELEGABLE DUTY TO PROVIDE HEALTHCARE

297.   Defendants incorporate their responses to paragraphs 1-3, 5, 8-23, 26-153, 265-276, and 278-280 as if fully set forth herein.

298.   Denied.

299.   Denied.

300.   Denied.

301.   Denied.

## COUNT 16: VICARIOUS CLAIM AGAINST BSO BASED ON THE AGENCY RELATIONSHIP BETWEEN ARMOR AND BSO

302.   It is admitted that BSO entered into a contract with Armor whereby Armor agreed to provide healthcare within the Broward County Jail. Defendants incorporate their responses to paragraphs 1-3, 5, 8-23, 26-153, and 265-276 as if fully set forth herein.

303.   Denied.

304.   Denied.

**COUNT 17: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT MONICAL**

305.     Defendants incorporate their responses to paragraphs 5, 8-11, 15, 26-154, 265-276, 286, 295, and 296 as if fully set forth herein.

306.     Denied.

307.     Denied. (including subparts i through ix.).

308.     Denied.

309.     Denied.

**COUNT 18: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT MCDONALD**

310 – 314. Count 18 against Defendant McDonald has been dismissed. (D.E. 10). Therefore, no response to the allegations of Count 18 is required. To the extent that a response is required, the allegations are denied.

**COUNT 19: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT PARKE**

315.     Defendants incorporate their responses to paragraphs 5, 8-11, 17, 26-154, 265-276, 288, 295, and 296 as if fully set forth herein.

316.     Denied.

317.     Denied (including subparts i through ix).

318.     Denied.

319.     Denied.

**COUNT 20: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT SPENCE**

320.     Defendants incorporate their responses to paragraphs 5, 8-11, 18, 26-154, 265-276, 289, 295, and 296 as if fully set forth herein.

321.     Denied.

322.     Denied (including subparts I through ix).

323.     Denied.

324.    Denied.

## COUNT 21: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT MOWATT

325.    Defendants incorporate their responses to paragraphs 5, 8-11, 19, 26-154, 265-276, 290, 295, and 296 as if fully set forth herein.

326.    Denied.

327.    Denied (including subparts I through ix).

328.    Denied.

329.    Denied.

## COUNT 22: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT MILLS

330.    Defendants incorporate their responses to paragraphs 5, 8-11, 20, 26-154, 265-276, 291, 295, and 296 as if fully set forth herein.

331.    Denied.

332.    Denied (including subparts I through ix).

333.    Denied.

334.    Denied.

## COUNT 23: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT KERR

335.    Defendants incorporate their responses to paragraphs 5, 8-11, 21, 26-154, 265-276, 292, 295, and 296 as if fully set forth herein.

336.    Denied.

337.    Denied (including subparts I through ix).

338.    Denied.

339.    Denied.

**COUNT 24: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT DORCELY**

340.    Defendants incorporate their responses to paragraphs 5, 8-11, 22, 26-154, 265-276, 293, 295, and 296 as if fully set forth herein.

341.    Denied.

342.    Denied (including subparts I through ix).

343.    Denied.

344.    Denied.

**COUNT 25: MEDICAL NEGLIGENCE CLAIM AGAINST DEFENDANT BURGESS**

345.    Defendants incorporate their responses to paragraphs 5, 8-11, 23, 26-154, 265-276, and 294-296 as if fully set forth herein.

346.    Denied.

347.    Denied (including subparts I through ix).

348.    Denied.

349.    Denied.

All allegations not expressly admitted herein are denied and strict proof is demanded thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Stephen Obremski was himself guilty of negligence, and this negligence was a legal cause of any degree of damages suffered by him. Therefore, any damages recovered by Plaintiff must be reduced according to Mr. Obremski's own share of fault.

**Second Affirmative Defense**

Plaintiff's claims are limited and should be reduced by the total amount of all collateral sources paid or payable, including, but not limited to, amounts paid or payable pursuant to Florida Statutes, Section 768.76.

### Third Affirmative Defense

Defendants are entitled to a setoff or deduction for any payments by any third parties, firms, or corporations in settlement of any claims of the Plaintiff as a result of the incident at issue in Plaintiff's Complaint.

### Fourth Affirmative Defense

The damages allegedly sustained were proximately caused by the actions or omissions of third parties not under the control of any of the Defendants. As a result, there can be no legal liability on the part of the Defendants for the actions of such third parties. The fault of such third parties, whether a party to this action or not, should be allowed on the verdict form as required by Section 768.81(3) and by *Fabre v. Marin*, 63 So. 2d 1182 (Fla. 1993).

### Fifth Affirmative Defense

Plaintiff's and decedent's damages, if any, were caused by an intervening and/or superseding and/or independent cause and, therefore, the Defendants are not liable.

### Sixth Affirmative Defense

Plaintiff and decedent failed to mitigate the alleged damages and, therefore, any such damages not reasonably mitigated should be barred or reduced accordingly.

### Seventh Affirmative Defense

Defendants, including the Sheriff, Armor, and its employees, assert that they are entitled to all of the protections and defenses available under Florida Statutes, Section 768.28, including, but not limited to, the statutory cap of damages and the entitlement to pre-suit notice contained therein. Defendants are entitled to the protections of sovereign immunity.

### Eighth Affirmative Defense

Mr. Obremski knew of, was aware of, or should have been aware of the existence of the dangers complained of in the Complaint. Mr. Obremski realized and appreciated the possibility

of injury and/or death as a result of the dangers he expressly exposed himself to, and having a reasonable opportunity to avoid or mitigate them, he voluntarily exposed himself to the dangers.

### Ninth Affirmative Defense

Mr. Obremski was negligent in failing to follow the advice and recommendations of his treating physicians, failing to seek medical care when he knew or should have known that treatment was indicated and/or necessary, and failing to give his healthcare providers full and accurate history of his past medical conditions and of signs and symptoms of illness at the time he was being treated by this healthcare provider, all of which caused or significantly contributed to the injuries and damages complained of, thus barring all or part of Plaintiff's claim.

### Tenth Affirmative Defense

Mr. Obremski's damages and death were the result of a pre-existing medical or congenital problem or conditions unrelated to the care and treatment of Mr. Obremski by Defendants.

### Eleventh Affirmative Defense

Mr. Obremski's injuries and death were the result of the natural and inexorable process of human disease or condition. His death was not a result of the acts or omissions of any Defendant.

### Twelfth Affirmative Defense

Plaintiff's state law claims are barred by the applicable two-year statutes of limitations for medical malpractice and wrongful death.

### Jury Demand

Defendants demand a trial by jury as to all issues so triable.

Dated this 24th day of September, 2018.

*S. Renee Stephens Lundy, Esq.*
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.

Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
RLundy@drml-law.com
Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 24, 2018, the foregoing was electronically filed through the CM/ECF system which will send a notice of electronic filing to Christina M. Currie, Esquire, Lauer & Currie, P.A., 644 S.E. 5th Ave, Fort Lauderdale, FL  33301; Greg Lauer, Esquire, Lauer & Currie, P.A., 644 SE 5th Ave, Fort Lauderdale, FL  33301.

*S. Renee Stephens Lundy, Esq.*
S. RENEE STEPHENS LUNDY, ESQ.
Florida Bar No. 0501867
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
RLundy@drml-law.com
Counsel for Defendants